## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JESUS PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  4:19-cv-4848 |
| | ) |
| PROCOLLECT, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JESUS PEREZ ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, PROCOLLECT, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al.  ("TDCA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Richmond, Fort Bend County, Texas.

9. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

10. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

11. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

12. Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency located in Dallas, Dallas County, Texas.

14. Defendant is a business entity engaged in the collection of debt within the State of Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged consumer debt from Plaintiff that is not owed by Plaintiff.

21. The alleged debt owed arises from transactions for personal, family, and household purposes.

22. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-5611, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 214-341-7788, which is one of Defendant's telephone numbers.

24. On several occasions since Defendant began calling Plaintiff including, but not limited to, in or around December 2018 and August 2019, Plaintiff has spoken with one of Defendant's collectors and has requested for Defendant to stop calling him.

25. Despite Plaintiff's repeated requests for Defendant to stop calling him, Defendant continued to call Plaintiff's telephone unabated in an attempt to collect the alleged debt.

26. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

27. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

28. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

29. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

30. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

31. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

32. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

33. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

34. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects

telephone numbers to be called according to a protocol or strategy entered by Defendant.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

42. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

43. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

44. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him; and

c. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JESUS PEREZ, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

49. Plaintiff repeats and realleges paragraphs 1-44 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

50. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or

    abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him.

WHEREFORE, Plaintiff, JESUS PEREZ, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., for the following:

51. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

52. For attorneys' fees, costs and disbursements;

53. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

54. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

55. Plaintiff repeats and re-alleges paragraphs 1-44 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

56. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, JESUS PEREZ, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., for the following:

57. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(B).

58. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

60. Any other relief that this Honorable Court deems appropriate.

DATED: December 13, 2019         RESPECTFULLY SUBMITTED,

By: /s/ Taylor L. Kosla
    Taylor L. Kosla
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    taylor@agrusslawfirm.com
    Attorney for Plaintiff